# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>CARLOS VALENCIA-MACIAS,<br><br>　　　　　　　　　　Defendant. | CASE NO. 12CR0307-LAB<br><br>**ORDER GRANTING IN PART JOINT APPLICATION FOR SENTENCE REDUCTION PER U.S.S.G. AMENDMENT 782; § 18 U.S.C. 3582** |

　　　　The Court has reviewed the Joint Application for Sentence Reduction in this case and is in general (but not complete) agreement with the parties' recommendation. Under Amendment 782 to the United States Sentencing Guidelines ("Guidelines" or "USSG") and 18 U.S.C. § 3582(c)(2), the Court agrees with the parties that the Defendant is eligible for a reduced sentence and that his revised Guideline range is 63-78 months. The parties have recommended that the Court reduce the original sentence from 90 months to the low end of the revised Guideline range, 63 months.

　　　　This case was tried to a jury. The Court has an independent recollection of the facts and circumstances of the case, and has also reviewed its notes from the trial as well as the original Presentence Report. Under 18 U.S.C. § 3553(a), several aggravating circumstances bode against the degree of sentence reduction that the parties recommend.

/ / /

/ / /

First, even by border district standards that are somewhat jaded, the defendant's offense involved an enormous quantity of marijuana – over 1400 pounds. That differentiates it from other marijuana importation cases, and makes this case more aggravated.

Second, the defendant compounded his drug smuggling offense by deliberately perjuring himself at his trial. The evidence at trial established that drug agents saw two men unloading marijuana from a panga boat on the beach around 2:00 AM. The agents ordered the men to surrender, but both fled on foot down the beach. The agents eventually found the defendant hiding among large rocks along the shoreline. At his trial, the defendant denied that he was one of the people who had been unloading the marijuana. Instead, he testified that he was jogging on the beach after midnight and became frightened when he saw a man with a machine gun (presumably one of the agents). He ran away from the armed man and hid in the rocks hoping to avoid danger. The jury obviously didn't believe this preposterous yarn, and neither did the Court. At the defendant's sentencing, the Court found that the defendant had willfully perjured himself and adjusted his sentencing range upward by two levels for obstruction of justice. USSG § 3C1.1. Reflecting the aggravated nature of the defendant's offense and his duplicity, the Court also imposed a 90-month sentence – near the high end of his original Guidelines sentencing range of 78–97 months.

In ruling on a Joint Application to reduce sentence, the Court is required to consider and discuss relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). They include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims. The Court has considered all of these factors and, without "ticking off" each one, concludes as follows:

Under § 3553(a)(1), the Court finds that the nature and circumstances of the defendant's offense were aggravated. The offense involved a much larger quantity of

marijuana than is typical in marijuana importation cases in this district. What's more, the defendant compounded his original offense by deliberately testifying falsely at his trial. A sentence at the low end of the revised sentencing range would not adequately reflect either of these aggravating circumstances. Nor would a low end sentence provide just punishment for what, in effect, were two felonies committed by the defendant – importing drugs and perjury. USSG § 3553(a)(2)(A). Nor would a sentence at the low end of the revised Guidelines range deter others from participating in trafficking in large quantities of drugs, or from later lying under oath about their involvement. USSG § 3553(a)(2)(B).

The Court has also considered the kinds of sentences available and the need to avoid unwarranted sentencing disparities. A sentence of 78 months is within the revised Guidelines range authorized by Amendment 782. And based on the Court's judgment and experience, such a sentence is not disparate with sentences that the Court has imposed in similar cases, particularly those that also involve the obstruction of justice. The Court finds that the same aggravating factors that supported a sentence near the high end of the original Guideline range support a high end sentence under the revised Guideline range.[1]

The Joint Application for Sentence Reduction is **GRANTED IN PART**; the Defendant's sentence is reduced from 90 months to 78 months.

**IT IS SO ORDERED**.

DATED: August 18, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The Court acknowledges that it is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding, USSG. § 1B1.10(a)(3), p.s. ("[P]roceedings under § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."), and is not doing so here. Instead, the Court is merely reevaluating the relevant § 3553(a) factors, including the lower Guideline sentencing range, to determine the degree of sentence reduction that is warranted.